## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**JOEL ENRIQUE RIVERA PALMA,**

　　　　**Petitioner,**

**v.**                                                               **No. CV 15-0004 RB/LAM**

**RAY TERRY, Warden,**

　　　　**Respondent.**

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

　　　**THIS MATTER** is before the Court on the *Government's Motion to Dismiss a Petition for a Writ of Habeas Pursuant to 28 U.S.C. § 2241 (Doc. 20)*, filed February 25, 2015. Petitioner did not file a response to the motion, and the time for doing so has passed. United States District Judge Robert C. Brack referred the claims raised in the petition to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary. [*Doc. 15*].   Having considered the parties' submissions, relevant law, and the record in this case, the undersigned recommends, for the reasons set forth below, that the *Government's Motion to Dismiss a Petition for a Writ of Habeas Pursuant to 28 U.S.C. § 2241 (Doc. 20)* be **GRANTED**; Petitioner's 28 U.S.C. § 2241 petition [*Doc. 1*] be **DISMISSED without prejudice** as moot; and that this case be **DISMISSED**.

---

[1]**Within fourteen (14) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition.   A party must file any objections with the Clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition.   If no objections are filed, no appellate review will be allowed.   Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

The Court has jurisdiction over this § 2241 petition because Petitioner was confined in New Mexico at the time this case was transferred to this Court.   *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004); *United States v. Scott*, 803 F.2d 1095, 1096 (10th Cir. 1986) ("A § 2241 petition for a writ of habeas corpus must be addressed to the federal district court in the district where the prisoner is confined.") (citations omitted).   Since that time, Petitioner has been released from custody and removed to Mexico.   *See* [*Doc. 20* at 1] and [*Doc. 20-1*].   Therefore, Petitioner's petition is moot and should be dismissed unless an exception to the mootness doctrine applies.   *See Boyce v. Ashcroft,* 268 F.3d 953, 955 (10th Cir. 2001) and *Riley v. Immigration & Naturalization Serv.*, 310 F.3d 1253, 1256 (10th Cir. 2002).

The Tenth Circuit has recognized four exceptions to the mootness doctrine: (1) if secondary or collateral injuries will survive after resolution of the primary injury; (2) if the issue is capable of repetition while evading review; (3) if the respondent voluntarily ceases an illegal practice but is free to resume it at any time; or (4) if the case is a properly certified class action. *Riley*, 310 F.3d at 1257.   This case is not a class action, and the Court finds that there is nothing in the record that indicates that the other exceptions apply.   Therefore, the Court finds that Petitioner's release from detention moots his challenge to the legality of his detention.

For the foregoing reasons, the undersigned recommends that the ***Government's Motion to Dismiss a Petition for a Writ of Habeas Pursuant to 28 U.S.C. § 2241 (Doc. 20)*** be **GRANTED**; Petitioner's 28 U.S.C. § 2241 petition [*Doc. 1*] be **DISMISSED without prejudice** as moot; and that this case be **DISMISSED**.


**LOURDES A. MARTÍNEZ**
**United States Magistrate Judge**